UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW B. MOUW and MARY K. MOUW, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case. No. 22 CV 2306 |
| SHELTER MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, Matthew B. and Mary K. Mouw, by their undersigned attorneys, for their Complaint against Defendant, Shelter Mutual Insurance Company, states:

## FACTS

1. Plaintiffs, Matthew B. and Mary K. Mouw ("Plaintiffs"), were and are citizens of the State of Illinois, owning the single-family residential dwelling located at 1030 Crescent Blvd., Glen Ellyn, Illinois.

2. Defendant, Shelter Mutual Insurance Company ("Shelter"), is a Missouri citizen, being a Missouri corporation with its principal place of business in Columbia, Missouri.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. §1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to the claim occurred in this judicial district. Additionally, Shelter does business and/or transacts business in this judicial district, and therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

1

5. Shelter issued a Homeowners Insurance Policy No. 12-71-4903689-7 to Matthew and Mary Mouw for the period of July 30, 2018 to July 30, 2019 ("the insurance policy").

6. At all relevant times, the policy provided coverage for "accidental direct physical loss" to Mouws' dwelling caused by or resulting from wind and hail.

7. On May 16, 2019, while the insurance policy was in full force and effect, the dwelling was damaged by wind and hail ("the loss").

8. Plaintiffs submitted a claim to Shelter under the insurance policy for the damage to the dwelling from the loss.

9. Shelter ultimately acknowledged that the loss was covered under the insurance policy and on or about November 3, 2020 issued a payment to Plaintiff in the amount of $11,937.62, representing what it determined was the actual cash value of the damage to the dwelling from the loss. The actual cash value payment was arrived at by Shelter by first estimating the cost to repair/replace the damage to the dwelling and then deducting an amount for pre-loss depreciation and applying the applicable deductible. A copy of the letter and estimate that Shelter based its actual cash value payment on is attached to the complaint as Exhibit A.

10. Plaintiffs disagree with the amount of the loss to the dwelling as determined by Shelter. As set forth in the estimate attached to the complaint as Exhibit B prepared by their roofing contractor, Shelter's valuation of the loss (a) fails to include all of the damage to the dwelling, (b) fails to include the proper method to repair/replace the damage; and (c) includes pricing that is unreasonable and inadequate to repair/replace the damage.

11. Shelter revised its estimate of covered damage to the Mouw dwelling and issued a supplemental payment of $23,090.23, which was based on its determination of the covered damages in the amount of $72,525.05, less recoverable depreciation of $19,350.20, less the

policy's wind and hail deductible of $18,147.00, and accounting for the prior payment of $11,937.62. A copy of Shelter's revised estimate is attached as Exhibit C.

12. Plaintiffs continued to disagree with the amount of the loss to the dwelling as determined by Shelter and their roofing contractor prepared a revised estimate, a copy of which is attached as Exhibit D. As set forth in this estimate, Shelter's valuation still (a) failed to include all the damages to the dwelling; (b) failed to include the proper means to repair/replace the damage; and (c) failed to include pricing that was reasonable and adequate to make the repairs/replace the damage.

13. The Policy contains an "Appraisal" provision, which provides that either party may make a written demand for appraisal when the parties fail to agree on the total restoration cost or amount of loss.

14. On August 6, 2021, Plaintiffs made a written demand for appraisal based on this disagreement with Shelter as to the amount of the loss. A copy of Plaintiffs' written demand for appraisal is attached to the complaint as Exhibit E.

15. On August 26, 2021, Shelter advised Plaintiffs that it would not be making further payment and denied Plaintiffs' request for appraisal. A copy of Shelter's correspondence is attached as Exhibit F.

## COUNT I
**(Declaratory Judgment Relief)**

16. Plaintiffs re-allege paragraphs 1 through 15 of the Facts of the Complaint as paragraph 16 of Count I of the Complaint.

17. Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable

controversy exists between Plaintiffs and Shelter as to the amount of the loss, thus warranting appraisal as demanded by Plaintiffs. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE, Plaintiffs, Matthew and Mary Mouw, pray that this Court enter an order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the terms of the "Appraisal" provision in the insurance policy to determine the amount of the loss, which requires the appraisal panel to determine the damage to the dwelling caused by wind and hail, the scope of the wind and hail damage, the scope of repairing or replacing the wind and hail damage, the cost of repairing or replacing the wind and hail damage, matching of replacement building components with existing building components, if necessary, and whether the damage is extensive enough to require employing a general contractor;

(b) staying the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

## **COUNT II**
**(Breach of Contract)**

18. Plaintiffs re-allege paragraphs 1 through 15 of the Facts of the Complaint as paragraph 18 of Count II of the Complaint.

19. Plaintiffs have substantially performed all post-loss duties required by the insurance policy to be performed by them, requested of them, and/or not waived by Shelter including, but not limited to (a) giving prompt notice of the loss, (b) cooperating with Shelter in its investigation of the loss, and (c) timely filing suit against Shelter.

20. It is Shelter's duty to pay the amount due under the insurance policy for the covered loss, including the cost to repair/replace the wind and hail damage to the dwelling.

21. Although requested to do so, Shelter has failed to pay for all of the damage sustained by Plaintiffs from the loss, including the cost to repair/replace the damage, thus breaching the insurance policy.

22. Shelter has failed to pay the full actual cash value of the loss, in that it improperly depreciated the cost of most of the labor required to repair/replace the damage to the dwelling, contrary to its insurance policy and contrary to Illinois law.

23. Although requested to do so, Shelter has failed to participate in an appraisal to determine the amount of the loss, further breaching the insurance policy.

24. These breaches of the insurance policies were and are the direct and proximate cause of damage to Plaintiffs in an amount in excess of $75,000.

25. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiffs are entitled to prejudgment interest.

WHEREFORE, Plaintiffs, Matthew and Mary Mouw, pray for judgment in their favor and against Defendant, Shelter Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT III
**(Section 155 Relief)**

26. Plaintiffs re-alleges paragraphs 1 through 24 of Count II of the Complaint as paragraph 26 of Count III of the Complaint.

27. At the time of the loss, Shelter's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

28. Plaintiffs are entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Shelter engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a)     failing to pay Plaintiffs for the loss within 40 days of the loss, thus constituting an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b)     failing to provide Plaintiffs with a reasonable written explanation for the delay in resolving their claim, after the claim remained unresolved for more than 75 days, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(c)     failing to acknowledge with reasonable promptness pertinent communications regarding the loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within Part 919.40 of the Illinois Administrative Code;

(d)     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(e)     refusing to pay for all of Plaintiffs' covered loss due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims polices, practices, and procedures facts and circumstances, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

(f)     refusing to proceed with its contractual obligation of appraisal under the insurance policy;

(g)     improperly filing a declaratory judgment action in an effort to confirm its denial of Plaintiffs' request for appraisal;

(i)     without proper cause, wrongfully and knowingly refusing to reimburse Plaintiffs for all their covered losses under the insurance policy;

(j)     failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy; and

(k)     forcing Plaintiffs to retain legal counsel to investigate the wind and hail loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiffs, Matthew and Mary Mouw, pray for an award of taxable costs, including reasonable attorney fees, in their favor and against Defendant, Shelter Insurance Company.

**Plaintiffs Demand Trial by Jury.**

/s/Christina M. Phillips
Christina Phillips
Edward Eshoo, Jr.
MERLIN LAW GROUP
181 W. Madison Street, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
cphillips@merlinlawgroup
eeshoo@merlinlawgroup.com