IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW B. MOUW and MARY K. MOUW,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>SHELTER MUTUAL INSURANCE COMPANY,  )<br>)<br>Defendant.  ) | Case No. 22-CV-2306<br><br>Judge Robert W. Gettleman |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Matthew B. Mouw and Mary K. Mouw (collectively, "plaintiffs" or "the Mouws") bring this three-count complaint against defendant Shelter Mutual Insurance Company ("defendant" or "Shelter"). On June 8, 2022, defendant moved the court to abstain from exercising its jurisdiction over this case due to arguably parallel pending litigation in the Circuit Court of Cook County (Doc. 9). For the reasons discussed below, the court grants defendant's motion.

## **BACKGROUND**

Defendant Shelter issued a homeowners insurance policy to the Mouws that provided coverage for "accidental direct physical loss" to their dwelling. After a hail event on May 16, 2019, the Mouws submitted a claim for damage to their dwelling ("the loss") under the policy. Around November 3, 2020, Shelter issued a payment to the Mouws for $11,937.62, which, according to Shelter, incorporated the cost to repair and replace the damage to the dwelling minus pre-loss depreciation and the Mouws' deductible. On August 6, 2021, the Mouws submitted a written demand for appraisal because they disagreed with Shelter on the amount of

1

the loss.[1]  On August 26, 2021, Shelter denied the Mouws' request for appraisal.

On September 8, 2021, Shelter (the defendant in the instant case) filed a complaint against the Mouws in the Circuit Court of Cook County, Illinois, seeking a declaration that the Mouws' claimed damages were not covered under Shelter's policy, above and beyond what had already been paid by Shelter.  Shelter argued that the Mouws failed to meet their burden under the policy to show that their claimed damages were a direct physical loss of, or damage to, the property that resulted from a hail event that was not subject to policy exclusions.  Further, Shelter claimed that the hail event did not trigger the policy's appraisal clause because the Mouws' claimed damages did not stem from a covered loss.

On November 15, 2021, the Mouws filed a motion to dismiss Shelter's state courtcomplaint, which the court granted with prejudice on April 14, 2022.  The court reasoned that defendant impermissibly sought declaratory relief because, instead of bringing an "actual controversy" between the parties, Shelter sought a declaration that it was not liable for its past conduct, which the court determined was inconsistent with the prospective nature of declaratory relief.

Plaintiffs (the Mouws) then filed the instant complaint in this court on May 3, 2022, pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs disagree with defendant Shelter's determination of the amount of loss to their dwelling.  In Count I, plaintiffs seek declaratory judgment to compel defendant to proceed with the appraisal of plaintiffs' loss, to stay the case pending the outcome of the appraisal, and to grant any additional relief. Plaintiffs seek damages in addition to declaratory relief.  Count II alleges breach of contract, for failing to pay what plaintiffs believed they are owed for their claimed damages under the policy.

---

[1] The Mouws' policy with Shelter contained an "appraisal" provision, which allowed either party to make a written demand for appraisal when the parties disagreed on the total restoration cost or the amount of loss.

Last, Count III seeks relief under section 155 of the Illinois Insurance Code, 215 ILCS 5/155.

Defendant moved the court to abstain from exercising its jurisdiction over this case on June 8, 2022. Ultimately, according to defendant's motion, this court should refuse to hear the instant case because defendant Shelter filed a motion for reconsideration that was pending in state court at the time. On August 23, 2022, however, the Circuit Court of Cook County denied Shelter's motion to reconsider. Consequently, on September 7, 2022, Shelter filed a notice of appeal to the Illinois Appellate Court, First Judicial District, both from the Circuit Court's final order granting the Mouw's motion to dismiss Shelter's complaint for declaratory judgment and from its denial of Shelter's motion to reconsider. This appeal remains pending.

## LEGAL STANDARD

When a case seeks purely declaratory relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), the court has discretion to abstain from exercising its jurisdiction over the case. See Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995); Brillhart v. Excess Ins. Co., 316 U.S. 491, 494–95 (1942). The court does not have discretion to abstain from hearing independent non-declaratory claims. See, e.g., CastlePoint Nat'l Ins. Co. v. Boyer-Rosene Moving & Storage, Inc., No. 13 CV 3885, 2014 WL 6821208, at *3 (N.D. Ill. Dec. 3, 2014), citing R.R. St. & Co. v. Vulcan Materials Co., 569 F.3d 711, 717 (7th Cir. 2009).

The Wilton/Brillhart doctrine guides the court in exercising its discretion to abstain from a case for declaratory relief when a parallel state proceeding is pending. Specifically, the doctrine applies when federal courts are asked to proceed in a declaratory judgment suit where another suit is pending in state court that presents the same issues, not governed by federal law, between the same parties. See Arnold v. KJD Real Estate, LLC, 752 F.3d 700, 707 (7th Cir. 2014) (internal quotations omitted). The Seventh Circuit has set forth several factors for courts

to consider to determine whether to abstain from exercising jurisdiction under the Wilton/Brillhart doctrine, including: (1) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding; (2) whether the parties to the two actions are identical; (3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties, or whether it will merely amount to duplicative and piecemeal litigation; and (4) whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum. See Med. Assurance v. Hellman, 610 F.3d 371, 379 (7th Cir. 2010).

## DISCUSSION

Defendant's overarching concern is that plaintiffs' filing in federal court "is textbook forum shopping and undermines the court system." It argues that plaintiffs filed in this court because courts in this district have determined that "issues of scope and causation are appropriate for the appraisal process," citing Adam Auto Group, Inc. v. Owners Ins. Co., 2019 WL 4934597 (N.D. Ill. Oct. 7, 2019), among other cases. Conversely, Illinois state courts have determined that the same issues are not appropriate for appraisal. See, e.g., FTI Intern., Inc. v. Cincinnati Ins. Co., 790 N.E.2d 908, 910 (Ill. App. Ct. 2003). According to defendant, plaintiffs seek relief from "the same alleged loss and insurance claim involved in the state court case" while "tak[ing] the exact opposite position that [they] took in the state court proceeding."[2]

Beyond this concern, the court parses the parties' arguments into two distinct inquiries along related lines of case law. First, the court evaluates whether plaintiffs' non-declaratory

---

[2] According to defendant, in the instant case, plaintiffs necessarily argue that there is an "actual controversy" between the parties, while in state court, plaintiffs achieved dismissal of defendant's complaint against them by arguing that the parties had no "actual controversy." The court does not conclude that these positions are inconsistent. In state court, defendant sought declaratory relief to absolve it from liability for past conduct; in federal court, plaintiffs seek relief for allegedly improper appraisal of the loss. In each respective case, a different party seeks relief for its respective rights; the fact that there is no justiciable controversy in one direction does not mean there is no justiciable controversy going the other way.

4

claims in their federal complaint are independent from their declaratory claim. It is irrelevant to this inquiry whether a parallel state court proceeding exists; rather, this first inquiry is based on the relationship between the claims in a single complaint and stems from the court's discretionary jurisdiction under the federal Declaratory Judgment Act. See Med. Assurance v. Hellman, 610 F.3d 371, 379 (7th Cir. 2010). In the instant case, the court agrees with defendant that plaintiffs' claims for damages are not independent from their claim for declaratory relief.

In its second inquiry, the court evaluates whether defendant's state court appeal is a parallel proceeding that warrants abstention under the Wilton/Brillhart doctrine. This second inquiry is based on federalism, and the relationship between federal claims for declaratory relief and parallel state court proceedings that involve overlapping issues. It stems from the federal court's respect for state courts and their interpretation of state law. The court concludes that the abstention doctrine applies, and it elects to exercise its discretion to abstain in the instant case.

The court begins with its first inquiry. According to plaintiffs, the court should not abstain from this case because plaintiffs present independent claims that extend beyond, and are independent from, their claim for declaratory relief. In particular, plaintiffs seek damages for breach of contract and bad faith under section 155 of the Illinois Insurance Code, 215 ILCS 5/155. A claim is independent of a declaratory claim if: (1) it has its own basis for federal subject matter jurisdiction; and (2) its viability is not wholly dependent upon the success of the declaratory claim. R.R. St. & Co. v. Vulcan Materials Co., 569 F.3d 711, 715 (7th Cir. 2009). Plaintiffs emphasize that their claims for damages "could stand alone in federal court, both jurisdictionally and substantively," citing Wildberry Condo Ass'n v. Travelers Indemnity Co. of America, 522 F. Supp. 3d 432 (N.D. Ill. 2021).

On the other hand, because plaintiffs expressly seek to stay the balance of the case

5

pending appraisal in Count I, defendant emphasizes that the claims <u>cannot</u> be independent, and the court must consider them to be "inextricably intertwined." For example, defendant argues that without compelling appraisal in Count I, plaintiffs could not receive monetary damages in Count II. Conversely, without an award of damages in Count II, a declaration of the extent and amount of loss in Count I would be useless.

The court concludes that plaintiffs' claims for non-declaratory relief are not independent from their claim for declaratory relief. The fact that plaintiffs, in their federal complaint, seek relief that extends beyond declaratory relief does not mean that their claims do not depend on the same, or at least interdependent, underlying determinations of fact and law. Instead, plaintiffs' claims for non-declaratory relief depend on an underlying determination of the amount of loss, which requires appraisal. Plaintiffs seek an order compelling appraisal in their claim for declaratory relief.

The court moves on to its second inquiry: whether there is a parallel state proceeding, and whether the court should abstain from exercising its jurisdiction under the discretionary <u>Wilton/Brillhart</u> doctrine. The Seventh Circuit applies the <u>Wilton/Brillhart</u> abstention doctrine in diversity cases where one party seeks declaratory judgment in federal court while a parallel proceeding continues in state court. <u>See</u> <u>Envision Health Care, Inc. v. PreferredOne Ins. Co.</u>, 604 F.3d 983, 986 (7th Cir. 2010).

Two proceedings are "parallel" when substantially the same parties are contemporaneously litigating substantially the same issue. <u>Id.</u> Plaintiffs argue that the <u>Wilton/Brillhart</u> doctrine does not apply because defendant's pending state court appeal is not a parallel proceeding.[3] Defendant counters that suits "need not be identical to be parallel" and this

---

[3] Originally, they argued that the pending motion for reconsideration was not a parallel state court proceeding because "it [was] more likely than not" that the court would deny reconsideration. This argument, of course, shifted

6

court should consider the instant case as parallel to its state court appeal because the cases are "based on the same factual and legal theory (i.e. breach of an insurance policy)" and "count upon resolution of the other."

According to defendant, to determine whether suits are parallel, the court must review the overlap between the proceedings in light of the substantive law underpinning each suit. See Nationwide Ins. v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995). According to plaintiff, the "proper inquiry" is "how real is the prospect that the declaratory action may present factual questions that the state court has been asked to decide," citing Med. Assur. Co. v. Hellman, 610 F.3d 371, 379 (7th Cir. 2010). The court concludes that, regardless of whether the court evaluates the underlying law or the underlying facts, the suits are parallel, and abstention is appropriate.

In deciding the case before it, this court would necessarily "gratuitously" interfere with the pending proceedings in state court.[4] See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). In state court, defendant emphasizes that the primary dispute between the parties is whether plaintiffs asserted a covered loss. In the instant case, plaintiffs emphasize that the primary dispute between the parties is the extent and amount of that loss. These disputes lie at different points on the same axis. Plaintiffs' claims in federal court necessarily subsume defendant's claims in state court: the court cannot reach a determination on whether and how much damages are warranted (as plaintiffs ask the court to do here) without reaching a determination on whether the loss was

---

after the court did deny Shelter's motion for reconsideration, as well as when Shelter filed a notice of appeal.

[4] The court rejects plaintiffs' argument that resolving this dispute in federal court will "be useful" to both parties because the court "will set the amount of their loss" if it orders appraisal. To the contrary, resolving this dispute in federal court would tie the state court's hands.

7

covered (as defendant asks the state court). Consequently, abstention—in the form of a stay, rather than dismissal—is appropriate. The court does not dismiss the complaint outright because plaintiffs' claims extend beyond the issues raised by defendant in its state court complaint—thus, resolution in state court may not be sufficient to address all issues that plaintiffs raise here.

## CONCLUSION

For the reasons set forth above, the court grants defendant's motion to abstain (Doc. 9). Accordingly, the case is stayed until the Illinois Appellate Court rules on defendant Shelter's appeal. The parties are directed to inform this court when the state court litigation is finally decided.

**ENTER:**

_____

**Robert W. Gettleman
United States District Judge**

**DATE: January 12, 2023**